ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Herren Associates, Inc. | ) ASBCA No. 63085 |
| | ) |
| Under Contract No. N00178-04-D-4062-EH02 | ) |

APPEARANCE FOR THE APPELLANT:              Eden Brown Gaines, Esq.
                                             Brown Gaines, LLC
                                             Washington, DC

APPEARANCES FOR THE GOVERNMENT:         Craig D. Jensen, Esq.
                                             Navy Chief Trial Attorney
                                          Matthew S. Hawkins, Esq.
                                             Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MELNICK DENYING
THE GOVERNMENT'S MOTIONS TO DISMISS AND TO REQUIRE
AN AMENDED COMPLAINT

This is a claim for additional costs owed under a contract between appellant, Herren and Associates, Inc. (Herren), and the Department of the Navy (government). The government seeks dismissal of the appeal for failure to state a claim. It argues that the complaint inadequately notifies it of Herren's cause of action or fails to plausibly suggest a showing of entitlement to relief. Alternatively, the government seeks an order requiring Herren to file an amended complaint with more definitive and specific allegations. Both requests are denied.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

Herren's allegations are short. On June 18, 2013, the government awarded it the contract identified above for engineering and support services (compl. ¶ 1; R4, tab 2).[*] Compensation was on a cost reimbursement basis to include a fixed fee for most of the line items (R4, tab 2 at 2-3, 35). During performance of the second option year a government employee directed Cardinal Engineering (Cardinal), a Herren subcontractor, to perform certain services that would increase the contract price by $136,000 (compl. ¶ 3). In response to a comment from Herren that the work was not the subject of a contract modification with it, the government stated that it intended to issue a contract modification, realign funding, and provide funds to pay Cardinal (*id.* ¶¶ 5-6). Based

---

[*] The award to which Herren refers was a delivery order issued under a technical services contract issued to Herren in 2004 (R4, tabs 1-2).

upon these representations, Herren paid Cardinal the "full value of the work performed" (*id.* ¶ 6). Herren invoiced the government for "the additional costs incurred as a result of government direction concerning" Cardinal (*id.* ¶ 7). The government allocated some funding for the Cardinal work, but it did not cover all costs incurred during the second option year. The funding was deficient in the amount of $67,730.80. (*Id.* ¶ 8) Herren submitted a claim containing essentially the same allegations as the complaint which has been denied by the contracting officer (R4, tabs 7-8). Herren seeks $67,730.80 as payment for directed performance.

DECISION

I.      Motion to Dismiss

Prior to filing its answer, the government has moved to dismiss the appeal for failure to state a claim, contending that the complaint does not meet the minimum pleading standard and therefore leaves the government without "notice of the [a]ppellant's theory of entitlement to defend against" (gov't mot. to dismiss at 5). The government also argues that the complaint fails to allege facts plausibly suggesting entitlement to relief. The Board's rules only require notice pleading that provides the government with a fair notice of the claim and its grounds. *Lockheed Martin Integrated Sys., Inc.*, ASBCA Nos. 59508, 59509, 17-1 BCA ¶ 36,597 at 178,282; *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (discussing Federal Rule of Civil Procedure 8(a)(2)'s liberal fair notice pleading standard and stressing that specific facts are not necessary); *United States for the Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 302 (N.D. Ill. 1987) (the complaint need only give the theory behind the claim and its basic grounds), *cited in Lockheed Martin*, 17-1 BCA ¶ 36,597 at 178,282. Herren has done that. It has identified a cost reimbursement contract between it and the government. It has alleged that the government directed its subcontractor to provide performance which the government said it would fund under that contract. It alleges that, given the additional work, it has not been paid all of the costs of its performance and therefore seeks that additional amount. Contrary to the government's position, these are more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Rack Room Shoes v. United States*, 718 F.3d 1370, 1376 (Fed. Cir. 2013) (explaining that "threadbare recitals" are inadequate) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). They are a short but concrete statement of events leading to the assertion that the government has not paid Herren all the costs that the contract promises it. The allegations adequately notify the government of Herren's theory and basic grounds of entitlement. In addition to providing a sufficient notice pleading of its cause of action, Herren's allegation that it has not been paid the full costs of its performance plausibly suggests a basis for entitlement to relief sufficient to survive a motion to dismiss. *See Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (requiring the complaint to set out "enough facts to state a claim to relief that is plausible on its face").

2

II.      Motion Seeking an Amended Complaint

In the alternative to its motion to dismiss, the government requests the Board to order Herren to file an amended complaint with more definitive and specific allegations. The government argues that the existing complaint is too vague to enable it to prepare an answer. It says it cannot discern what invoice Herren is identifying, the amount of the invoice, the relevant contract line item, or whether it was rejected. We do not believe it is necessary to delay the proceedings any longer for this purpose. The pleading options available to the government include denying allegations when in good faith it lacks sufficient knowledge to enable it to form a belief as to their truth. As *Paschen Contractors* observes, the Federal Rules of Civil Procedure balance simple notice pleading with liberal discovery provisions. 664 F. Supp. at 302. The Board's rules do as well. *See* Board Rule 8. The government can further inquire into the specifics of Herren's appeal through discovery.

CONCLUSION

Both motions are denied.

Dated: April 12, 2022

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63085, Appeal of Herren Associates, Inc., rendered in conformance with the Board's Charter.

Dated:  April 12, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4